TRACY HOPE DAVIS
United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, New York 10004
Telephone: (212) 510–0500
By: Greg M. Zipes
Trial Attorney

**HEARING DATE: July 8, 2011**
**HEARING TIME: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                                   :   Case No. 11-10668 (SHL)
                                                                              :
                                                                              :   (Chapter 11)
GARDEN OPERATION REALTY,                              :
                                                                              :
                                        Debtor.                     :
                                                                              :
-------------------------------------------------------x

     PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Greg M. Zipes, Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Sean H. Lane, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on July 8, 2011 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative, dismissing this Chapter 11 case, and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
       June 8, 2011

                                          TRACY HOPE DAVIS
                                          UNITED STATES TRUSTEE

                       By:    /s/ *Greg M. Zipes*
                             Greg M. Zipes
                             Trial Attorney
                             33 Whitehall Street
                             21st Floor
                             New York, New York 10004-2112
                             Tel. No. (212) 510-0500
                             Fax. No. (212) 668-2255

To:
Garden Operation Realty Limited Partnership
35 UPS Drive
Secaucus, New Jersey 07094

Randy M. Kornfeld, Esq.
Kornfeld & Associates
17th Floor
New York, New York 10036

Gerard S. Catalanello, Esq.
Duane Morris LLP
1540 Broadway
New York, New York 10036

Paul Rubin, Esq.
Herrick, Feinstein LLP
Two Park Avenue
New York, New York 10016

Maurice W. McLaughlin, Esq.
McLaughlin & Nardi, LLP
37 Vreeland Avenue
Totowa, New Jersey 07512

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                          :     Case No. 11-10668 (SHL)
                                               :
GARDEN OPERATION REALTY,                       :     (Chapter 11)
                                               :
                         Debtor.               :
                                               :
-----------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO CONVERT
THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE OR,
ALTERNATIVELY, TO DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE SEAN H. LANE, UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), for an order converting the Chapter 11 case of Garden Operation Realty Limited Partnership ("Garden" or the "Debtor") to a Chapter 7 case, or in the alternative dismissing this Chapter 11 case.

## INTRODUCTION

Two bases exist to convert this case to one under Chapter 7 of the Bankruptcy Code or to dismiss this case. First, Garden has not filed monthly operating reports for April or May, 2011. Second, the Debtor is not operating and there is no reasonable likelihood of rehabilitation.

## FACTS

Garden was a bagel manufacturer located at 35 UPS Drive, Secaucus, New Jerse, 07094 (the "New Jersey Premises"). Garden filed for Chapter 11 bankruptcy relief on February 17, 2011. This Debtor has not yet filed monthly operating reports for March or April 2011. See Zipes Decl. Ex. A (docket).

35 Real Estate LP, Case No. 11-11489 (SHL) ("35 RELP"), was the landlord of Garden. On March 31, 2011, 35 RELP commenced a Chapter 11 case by filing a petition for bankruptcy relief (the "RELP Case"). Helmer Toro signed the petitions in both cases. See Doc. No. 1; Doc No. 1 in the 35 RELP Case.

On April 5, 2011, Raymond E. Bulin, the rent receiver appointed by the Superior Court

of New Jersey (the "Rent Receiver"), filed a motion for an order pursuant to 11 U.S.C. §§ 543(d) and 362(d)(1) (the "Motion") in this case (Doc. No. 7) and the 35 RELP Case. According to the Motion, "[n]otwithstanding this Court's express Order entered on March 28, 2011, requiring Garden to meet its post-petition obligations under that certain Lease (defined herein), including payment to the Rent Receiver of $61,666.67 for post-petition rent (the "Post-Petition Rent") by Friday, April 1, 2011, Garden has continued its pattern of pre-petition non-compliance with court-directives and, as of the case hereof, still has not paid the Post-Petition Rent either to 35 RELP or the Rent Receiver." See Zipes Decl. Ex. B, at ¶ 4.

In Garden's response (the "Garden Response"), Garden acknowledged failing to pay any post-petition rent. See Zipes Decl. Ex. C, at ¶ 43. At a hearing on April 14, 2011, the Court granted the Motion to the extent of excusing the Rent Receiver's compliance with 11 U.S.C. § 543. The Court adjourned the balance of the Motion. See Zipes Decl. at ¶ 5. The Court subsequently entered an order granting the Motion in full, requiring the Debtor to vacate the New Jersey Premises. See Doc. No. 49. At a status conference on June 1, 2011, the Debtor Garden reported that it had vacated the New Jersey Premises and that it was not operating. See Zipes Decl. at ¶ 5.

## ARGUMENT

**Causes for Conversion or Dismissal Exist**
**Under Enumerated Provision of 11 U.S.C. § 1112(b)**

The Court shall convert or dismiss a case filed under Chapter 11 for cause. See 11 U.S.C. § 1112(b)(4). "Cause" to convert or dismiss is not limited to the expressly enumerated provisions of the statute. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause.'"); see also Alan N. Resnick, Henry J. Sommer, and Lawrence P. King, Collier on Bankruptcy ¶ 1112.01[2][a] (15th ed. 2006) (explaining section 1112(b) "simply enumerates examples of cause, . . . and a court may convert or dismiss a chapter 11 case for reasons other than those specified in section 1112(b) so long as

2

the reasons are sufficient to demonstrate cause.").

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Here, cause exists under the following provisions: "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter".

1. Failure to File Monthly Operating Reports

The Debtor has violated 11 U.S.C. § 1112(b)(4)(F), which requires a debtor to comply with filing requirements. In re Landmark Atlantic Hess Farm, LLC, No. 10–24656–DK, 2011 WL 831724, *6 (Bankr. D. Md. March 3, 2011) (cause to convert or dismiss the case found when the debtor failed to file monthly operating reports in a timely manner). A debtor is obligated to file monthly operating reports per 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015. Id. The Debtor has failed to file monthly operating reports for March and April 2011. See Zipes Decl. Ex. A (docket). The Debtor has thereby violated a basic reporting requirement in this case, which constitutes cause under 11 U.S.C § 1112(b)(4)(F). Without these reports, creditors, this Court, and the United States Trustee are deprived of vital information regarding the financial status of this case.

2. Substantial or Continuing Losses, a Diminution of the Estate, and the Absence of a Reasonable Likelihood of Rehabilitation

A party seeking to demonstrate cause under section 1112(b)(4)(A) must establish both the "substantial or continuing loss" prong as well as the "absence of a reasonable likelihood of rehabilitation" prong. In re BH S & B Holdings, LLC, 439 B.R. 342 (Bankr. S.D.N.Y. 2010). Courts can consider the administrative expenses incurred by the estate while in Chapter 11 when determining whether there has been a substantial or continuing loss. Loop Corp v. U.S. Tr., 290

B.R. 108, 113 (D. Minn. 2003) aff'd, 379 F.3d 511 (8th Cir. 2004).  Additionally, "[i]n determining whether there is a continuing loss to or diminution of the estate, courts must look beyond a debtor's financial statements and make a full evaluation of the present condition of the estate."  In re Moore Constr., Inc., 206 B.R. 436, 437-38 (Bankr. N.D. Texas 1997).  See In re Economy Cab & Tool Co., 44 B.R. 721, 724 (Bankr. D. Minn. 1984).

Here, the Debtor is not operating its business and therefore has no means to pay obligations as they come due.  See Zipes Decl. at ¶ 5.  Garden has acknowledged failing to pay any post-petition rent.  See Zipes Decl. Ex. C, at ¶ 43.  At a status conference on June 1, 2011, the Debtor Garden reported that it had vacated the New Jersey Premises and that it was not operating.  See Zipes Decl. at ¶ 5.  The Debtor has no stream of income and is incurring administrative expenses, storage costs, quarterly fees, legal expenses, and other continuous costs associated with its Chapter 11 filing, without any ability to pay.

Moreover, there is no reasonable likelihood of rehabilitation.  Rehabilitation, within the meaning of section 1112(b)(4)(A), means "to put back in good condition; re-establish on a firm, sound basis."  In re Lizeric Realty Corp., 188 B.R. 499 (Bankr. S.D.N.Y. 1995) (quoting 5 Collier on Bankr. 1112-19 (Lawrence P. King et al.eds., 15th ed. 1995)).  The Debtor must prove both that an "effective" reorganization is possible, that the property is necessary to that end, and that the debtor will be able to propose a plan within a reasonable amount of time.  In Re Jug End in the Berkshires, Inc., 46 B.R. 892, 902 (Bankr. D.C. Mass. 1985).  Courts have the authority to dismiss or convert a Chapter 11 case "if the court determines that it is unreasonable to expect that a plan can be confirmed in the Chapter 11 case."  In re great Amn. Pyramid, 144 B.R. 780, 791 (Bankr. W.D. Tenn. 1992).  It is not sufficient to show an effective reorganization where "the debtors' hopes and aspirations for reorganization, although well-intended, have not been supplemented by any showing that a reorganization is possible, let alone reasonably likely within a reasonable period of time."  In re YL West 87th Holdings I LLC, 324 B.R. 421 (Bankr.

4

S.D.N.Y. 2010) (citing In re Diplomat Electronics Corp., 82 B.R. 688, 693 (Bankr. S.D.N.Y. 1988).

Rehabilitation of this Debtor's business is not likely. The Debtor ceased operations at the New Jersey Premises and has not demonstrated that there is any likelihood of selling the machinery or using it to start manufacturing again.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative, dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
June 8, 2011

    Respectfully submitted,

    TRACY HOPE DAVIS
    UNITED STATES TRUSTEE

By:   /s/ *Greg M. Zipes*
    Greg M. Zipes
    Trial Attorney
    33 Whitehall Street
    21st Floor
    New York, New York 10004-2112
    Tel. No. (212) 510-0500